UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

PRAMILA KHATRI,

       Plaintiff,

vs.

CELEBRITY CRUISES INC.,

       Defendant.

_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, PRAMILA KHATRI (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, CELEBRITY CRUISES INC. (hereinafter, "Defendant"), and alleges:

**JURISDICTION & THE PARTIES**

1. This is a personal injury action in excess of seventy-five thousand dollars ($75,000) exclusive of interest, costs and attorney's fees.

2. Plaintiff is a citizen of, and is domiciled in, the State of California.

3. Defendant is a cruise line formed under the laws of a foreign country and maintains its principal place of business in Miami, Florida.

4. This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 as the parties are completely diverse and the case in controversy exceeds the minimum jurisdictional amount.

5. The subject personal injury occurred on navigable waters, the injury had the potential to disrupt maritime commerce and transporting passengers on a cruise is a traditional maritime activity.

6. This Court has admiralty subject matter jurisdiction under 28 U.S.C. § 1333.

7. This Court has personal jurisdiction over the Defendant and venue is proper as:

   a. Defendant's principal place of business is located within Miami-Dade County, Florida;

   b. Defendant conducts substantial business within the State of Florida, including, but not limited to, operating cruises from Miami, Tampa, Cape Canaveral, Ft. Lauderdale, and Jacksonville; and,

   c. Defendant submitted to the jurisdiction of this Court via the cruise ticket contract.

8. Venue is appropriate under 87 U.S.C. § 1391(b)(1) as Defendant resides in this District and the cruise ticket contract requires Plaintiff to file this lawsuit in this District.

## GENERAL ALLEGATIONS

9. The incident which is the subject of this action occurred on or about September 5, 2015 aboard the cruise ship *MILLENNIUM* (hereinafter referred to as, "The Vessel") while The Vessel was in navigable waters.

10. At the time of the incident, Plaintiff occupied the status of a passenger.

11. The Vessel was owned and/or operated and/or maintained by Defendant.

12. On the date alleged in Paragraph 9 above, while in her cabin's bathroom The Vessel suddenly and unexpectedly made a sharp course alteration causing it to sway. So great was the sway, Plaintiff fell hard into the shower and then fell hard onto the shower floor. The fall resulted in a spinal injury including a vertebral fracture and spinal disk space compression requiring medical care and treatment.

## COUNT I
## (NEGLIGENCE)

13. Plaintiff re-alleges all allegations pled in paragraphs 1 through 12 above as if alleged fully herein.

14. Defendant owed Plaintiff the duty of reasonable care under the circumstances, for her safety and the duty to warn Plaintiff of all dangers it knew or should have known.

15. Defendant breached its duty and is therefore negligent by:

    a. Operating The Vessel at an unsafe speed in violation to Rule of Navigation No. 6;

    b. Operating The Vessel in an unsafe manner by making sharp course alterations;

    c. Failing to warn passengers that The Vessel was about to make a sharp course alteration so that Plaintiff could brace herself; and/or,

    d. Failing to exercise reasonable care for the safety of its passengers by creating a dangerous condition by failing to equip The Vessel with prior hand rails or grabs in the subject cabin's restrooms.

16. The Defendant:

    a. Caused and/or created the dangerous condition; and/or

    b. Had actual knowledge of the dangerous condition; and/or

    c. Had constructive knowledge of the dangerous condition as it existed for a sufficient length of time so that Defendant should have known of it by the exercise of ordinary care and/or the wetness in the subject area occurred with such frequency as to impute knowledge of the unreasonably dangerous condition.

17. As a result of Defendant's negligence, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and medical treatment expenses. These losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff demands judgment against Defendant for damages suffered as a result of the alleged accident and injury including pain and suffering, headaches, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment costs and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

\*   \*   \*

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**Submitted this 2nd day of September, 2016.**

**BRAIS & ASSOCIATES, P.A.**
*Counsel for Plaintiff*
9300 S. Dadeland Blvd., Suite 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile: (305) 416-2902

By:   */s./ RICHARD RUSAK*
      KEITH S. BRAIS
      Florida Bar No.: 863319
      kbrais@braislaw.com
      RICHARD D. RUSAK
      Florida Bar No.: 614181
      rrusak@braislaw.com